Timothy Brett Gilliam, Jr. v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-298-CR 

TIMOTHY BRETT GILLIAM, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213th
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant pled guilty to sexual assault and was placed on deferred adjudication.  Subsequently, the trial court found that he had violated the terms of his deferred adjudication community supervision and sentenced him to four years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Eight months later, Appellant filed a motion for DNA testing, and the trial court denied the motion.  In one point, Appellant contends that the trial court improperly considered his admission that he had sexual intercourse with the complainant in denying the motion.  Specifically, Appellant contends that the trial court improperly considered his guilty plea.  Because we hold that the trial court did not err by denying Appellant’s motion for DNA testing, we affirm the trial court’s judgment.

Article 64.03 of the Texas Code of Criminal Procedure provides in pertinent part,

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

. . . .

(B) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

(b) A convicted person who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea.
(footnote: 2)

To determine whether identity was or is at issue, the trial court is permitted to consider the defendant’s admissions and confessions.
(footnote: 3)
 The trial court issued the following findings of fact that are supported by the record:

3. [Appellant admitted that he and] the complainant “both went to bed and had great sex several times during the night” of the alleged assault;

4. Appellant asserted that the sexual contact was consensual;

5. Appellant admitted that he committed the act that was alleged as the crime;

6. Appellant admitted that he was with [the complainant] at the time of the alleged assault.

The trial court determined that identity was not an issue.

Applying the appropriate standard of review,
(footnote: 4) we hold that the trial court correctly held that identity was not an issue.  Appellant’s guilty plea did not remove identity as an issue; it was never an issue.  The record shows that the only issue in the case was consent.  The record contains no allegation that another person entered the house and sexually assaulted the complainant, nor does it contain any contention that any person was present at the time of the offense other than the complainant and Appellant.  For these reasons, we overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 64.03(a), (b) (Vernon Supp. 2005).

3:
Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002).

4:
See Smith v. State
, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); 
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).